UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

TERRY WAYNE WILLIAMS,

        Petitioner,                       Case No. 2:24-cv-174

v.                                        Honorable Robert J. Jonker

ANN E. FILKINS,

        Respondent.
_____/

## OPINION

This is an action for a writ of mandamus, pursuant to 28 U.S.C. § 1361, brought by a state prisoner. The Court has granted Petitioner leave to proceed *in forma pauperis* in a separate order.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The PLRA "applies to mandamus petitions that seek relief analogous to civil complaints under 42 U.S.C. § 1983." *See Misiak v. Freeh*, 22 F. App'x 384, 386 (6th Cir. 2001); *see also Martin v. Grimshaw*, No. 98-4382, 1999 WL 1021705, at *1 (6th Cir. Nov. 2, 1999) ("An action brought under 28 U.S.C. § 1361 is a 'civil action' for purposes of the PLRA.").

The Court must read Petitioner's *pro se* filings indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Petitioner's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the

Court will dismiss Petitioner's action as frivolous. The Court will also deny Petitioner's motion for a writ of mandamus (ECF No. 1).

## Discussion

### I.   Factual Allegations

Petitioner Terry Wayne Williams is currently incarcerated by the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Petitioner has named Ann E. Filkins, Clerk of this Court, as the sole Respondent.

Petitioner's motion for a writ of mandamus regards *Williams v. Maleport*, No. 2:24-cv-61, a civil rights suit pursuant to 42 U.S.C. § 1983 that Petitioner previously filed in this Court. Petitioner initiated that action by filing his complaint on April 22, 2024. *See* Compl., *id.* (ECF No. 1.) On August 29, 2024, Petitioner filed a motion to serve the complaint and to appoint counsel. *See* Mot., *id.* (ECF No. 7). In an opinion, orders, and judgment entered on October 8, 2024, the Court granted Petitioner leave to proceed *in forma pauperis*, denied his motion to serve the complaint and to appoint counsel, and dismissed his complaint for failure to state a claim upon which relief could be granted. *See* Order, Op., Order, and J., *id.* (ECF Nos. 8, 9, 10, 11).

In his motion for writ of mandamus, Petitioner seeks a writ of mandamus ordering Respondent to issue summonses for service of the complaint in *Williams v. Maleport*. (Pet., ECF No. 1, PageID.1.) Petitioner maintains that as Clerk of Court, Respondent "ha[s] the authority and duty under [the] Federal Rules of Civil Procedure[] to sign, seal, and issue a copy of summons for each defendant in order for service where the Plaintiff has been authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915." (*Id.*, PageID.2.) Petitioner dated his motion for writ of mandamus October 8, 2024, the same date on which the Court dismissed *Williams v. Maleport*. (*Id.*, PageID.3.)

## II.   Writ of Mandamus

The writ of mandamus has been abolished in district court practice. *See* Fed. R. Civ. P. 81(b). However, "[r]elief previously available through [writs of mandamus] may be obtained by appropriate action or motion under these rules." *Id.* Under 28 U.S.C. § 1651, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *See* 28 U.S.C. § 1651. Moreover, under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *See id.* § 1361.

The "remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)). Mandamus is only available to a petitioner if: (1) the petitioner has a clear right to the requested relief; (2) the Respondent has a mandatory duty to act; and (3) there is no other adequate remedy available to the petitioner. *See id.* "Mandamus is not an appropriate remedy if the action that the petitioner seeks to compel is discretionary." *See id.*

Petitioner is correct that the Federal Rules of Civil Procedure provide that the Clerk of Court is responsible for "sign[ing], seal[ing], and issu[ing] [the summons] to the plaintiff for service on the defendant" after a complaint is filed. *See* Fed. R. Civ. P. 4(b). Moreover, Rule 4 provides that when a court authorizes a plaintiff to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court must direct that service of the plaintiff's complaint be effected "by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose." *See* Fed. R. Civ. P. 4(c)(2). In that situation, the Clerk of Court would provide the summons and complaint to the United States Marshal to effect service.

However, as set forth above, under the PLRA, the Court is required to screen and dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). That screening is to occur "at any time." *See* 28 U.S.C. § 1915(e)(2). However, 28 U.S.C. § 1915A specifies that the Court's initial review shall occur "before docketing, if feasible or, in any event, as soon as practicable after docketing." *See* 28 U.S.C. § 1915A(a). Given the Court's screening obligation, this Court does not automatically issue summonses for any complaint filed that is subject to the strictures of the PLRA. Instead, summonses (or waivers of service) are issued only after the Court has concluded that the plaintiff has set forth a plausible claim for relief.

Here, the Court granted Plaintiff leave to proceed *in forma pauperis* but dismissed his complaint in *Williams v. Maleport* for failure to state a claim on October 8, 2024. Because Plaintiff's complaint was dismissed in its entirety, there was no reason for Respondent to issue summonses in that action. Petitioner, therefore, cannot demonstrate that he has a clear right to the relief that he requests in his motion for a writ of mandamus. *See Carson*, 63 F.3d at 491.

An action may be dismissed as frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because Petitioner's request for mandamus relief lacks an arguable basis in law, his action will be dismissed with prejudice as frivolous. *See Sparks v. Doe*, No. 85-3463, 1985 WL 14132, at *1 (6th Cir. Dec. 13, 1985) (affirming district court's dismissal of state prisoner's mandamus action as frivolous); *In re Hess*, No. 85-3293, 1985 WL 13545 (6th Cir. July 19, 1985) (concluding that petitioner's petition for a writ of prohibition was frivolous). Given this conclusion, the Court will also deny Petitioner's motion for a writ of mandamus (ECF No. 1).

**Conclusion**

Having conducted the review required by the PLRA, the Court determines that Petitioner's action will be dismissed as frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also deny Petitioner's motion for writ of mandamus (ECF No. 1).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Petitioner's action is properly dismissed, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:  October 24, 2024  /s/ Robert J. Jonker
Robert J. Jonker
United States District Judge